UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ERNEST GILBERT, III, )
 )
 Petitioner, )
 )
v. ) No.: 1:18-CV-285-HSM-SKL
 )
UNITED STATES OF AMERICA )
 )
 Respondent. )
 )

## **MEMORANDUM OPINION**

Earnest Gilbert, III, a federal prisoner currently confined at United States Penitentiary, Coleman 1, in Coleman, Florida, has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking a lesser sentence.

**I.  CONSTRUCTION OF MOTION**

In this action filed under § 2241, Petitioner challenges his career-offender designation, arguing that his prior Tennessee conviction for domestic assault is no longer a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act.  However, "[s]ection 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  In the instant case, Petitioner is challenging the legality of his sentence, and therefore, he can only seek relief pursuant to § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention[.]"  28 U.S.C. § 2255.  Petitioner has not made such a showing, and this action is, therefore, properly considered pursuant to § 2255.

## II. DISCUSSION

Petitioner has filed a prior § 2255 motion raising the same *Johnson*-based claim as is raised in the instant action [Doc. 42 in No. 1:11-CR-18]. The United States has moved to dismiss the motion, arguing that it is without merit [Doc. 44 in No. 1:11-CR-18]. The motion remains pending.

Given that the instant motion duplicates a previously filed action, the Court finds that this action should be dismissed in the interests of judicial economy, and to avoid burdening Respondent with having to defend concurrent litigation of the same claim.

Accordingly, the Court will exercise its discretion and will **DISMISS** this § 2255 motion without prejudice. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (explaining that federal courts have "due flexibility to prevent vexatious litigation," with respect to duplicative mixed petitions); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (observing that federal courts have "inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (internal quotation marks omitted).

## III. CERTIFICATE OF APPEALABILITY

The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right as necessary for a certificate of appealability ("COA") to issue, as reasonable jurists would not disagree that the instant action is duplicative. 28 U.S.C. § 2253(c); *Slack*, 529 U.S. at 484. Therefore, a COA will be denied.

## IV. CONCLUSION

For the reasons stated herein, the instant action will be **DISMISSED** without prejudice as duplicative, and a COA will be **DENIED**. Petitioner's motion for leave to proceed *in forma pauperis* will be **DENIED** as moot.

**An appropriate Judgment Order will enter.**

> */s/ Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE